## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Lawrence T. Harrigan, Jr., and         Case No.
Teresa Ann Harrigan,

       Plaintiffs,

   v.

Weltman, Weinberg & Reis, L.P.A.,
and Daniel E. Best,             **Trial by Jury Demanded**

       Defendants.

## COMPLAINT

## INTRODUCTION

1.      Plaintiffs Lawrence T Harrigan and Teresa Ann Harrigan, ("Plaintiffs"), brings this action individually, against Defendants Weltman, Weinberg & Reis, Co, and Daniel E. Best (collectively "Defendants"), for violating the Fair Debt Collection Practices Act ("FDCPA"), and mirror state law, the Michigan Regulation of Collection Practices Act ("MRCPA").

2.      Defendants violated the FDCPA and MRCPA by attempting to collect a debt rendered by a Court without Jurisdiction over Plaintiffs when Defendants had actual knowledge of the lack of jurisdiction, failing to advise the Wayne County Circuit Court that the Judgment Defendants were attempting to domesticate from Ohio was rendered by a Court without competent jurisdiction,

filing a subsequent lawsuit in Michigan attempting to obtain collect a debt when Defendants had already obtained a Judgment in Ohio without first setting aside same, filing a subsequent lawsuit in Michigan attempting to collect a debt that was discharged as paid in full by the creditor, failing to inform the Wayne County Circuit Court of two prior cases involving the same parties, attempting to collect interest at a rate in excess of the contract interest rate of 0.00% and circumventing Michigan Court Rules and Wayne County E-file Procedures to obtain a Default against Plaintiffs in their subsequent lawsuit.

**JURISDICTION AND VENUE**

3.    This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k(d) (FDCPA), 28 U.S.C. § 1367(a) (supplemental jurisdiction).

4.    Venue and personal jurisdiction over Defendants in this District is proper because:

a. Plaintiff resides in the District;

b. Defendants' conduct at issue was directed to Plaintiff who was within the District; and

c. Defendants maintain and work out of an office at 2155 Butterfield Dr., Ste 200 Troy, Michigan 48084.

## PARTIES

5.      Plaintiff is a natural person who resides within the District.

6.      Weltman, Weinberg & Reis Co., L.P.A. is a law firm that holds itself

out as providing services include skip tracing, asset searches, credit bureau checks,

early out programs, collateral recovery (replevin), auditing, file reporting, and

accounting procedures.

7.      Mr. Best is a shareholder and attorney at the law firm who focuses on

consumer collections.

8.      Defendants each are a "debt collector" under the FDCPA as they each

use any instrumentality of interstate commerce or the mails in any business the

principal purpose of which is the collection of any debts.  *See Heintz v. Jenkins*,

514 U.S. 291 (1995); *Carpenter v. Monroe Fin. Recovery Group, LLC*, 119 F.

Supp. 3d 623, 630 (E.D. Mich. 2015); *see also Glazer v. Chase Home Fin. LLC,*

704 F.3d 453, 461 (6th Cir. 2013); *see also Kistner v. Law Office of Michael P.*

*Margelefsky, LLC,* 518 F.3d 433, 438 (6th Cir. 2008).

9.       MCL 445.251(g)(i) includes within the definition of "Regulated

person" an "A regular employee who collects accounts for 1 employer if the

collection efforts are carried on in the name of the employer"

10.      Defendants each are a "regulated person" under the MCPA.

*Carpenter v. Monroe Fin. Recovery Group, LLC*, 119 F. Supp. 3d 623, 630 (E.D.

Mich. 2015); *see Misleh v. Timothy E. Baxter & Assocs.*, 786 F. Supp. 2d 1330, 1338 (E.D. Mich. 2011).

## FACTS

11.     On August 21, 2006 Charter One Bank (which was acquired by RBS Citizens Bank N.A. in 2004 and continued to do business as Charter One Bank) and Plaintiffs entered into a mortgage in the amount of $36,500 secured by 17729 Centralia St., Redford, Michigan 48240 (Exhibit A – Promissory Note dated August 21, 2006).

12.     Charter One Bank was and is based in the State of Rhode Island.

13.     The Charter One Bank Mortgage was junior to a Mortgage held by GMAC Mortgage.

14.     On or about August 17, 2010 Plaintiffs sold 17729 Centralia St., Redford, Michigan 48240 via a short sale.

15.     Charter One Bank received $2,134.24 as proceeds from the sale (Exhibit B - Closing docs).

16.     On September 24, 2010 a Discharge of Mortgage was recorded with the Wayne County Register of Deeds Liber 48763 Page 1261-1262 stating that the holder of the Mortgage, RBS Citizens, N.A. acknowledged that it has received full payment and satisfaction of the same (Exhibit C – Discharge of Mortgage).

17.   Prior to the short sale, Plaintiffs had ceased residing at 17729 Centralia St., Redford, Michigan 48240 and were residing at 46595 Registry, Canton, Michigan 48187.

18.   On February 9, 2012, Defendants on behalf of Charter One Bank filed suit against Plaintiffs in Stark County Court of Common pleas located in Canton, Ohio (Exhibit D - Stark County Court of Common Pleas Case No. 2012CV00447)

19.   Plaintiffs' address on the complaint is listed as 46595 Registry Dr. Canton, Ohio, 48187.

20.   The only statement regarding jurisdiction in the Stark County Ohio Complaint is, "This Court possesses personal and subject matter jurisdiction".

21.   The basis of the Complaint is for failure to pay a Home Equity Line of Credit owed to Charter One Bank made on or about August 21, 2006.

22.   The promissory note upon which Defendants brought suit in Stark County Ohio was secured by a Mortgage discharged by Charter One Bank for payment in full.

23.   On February 22, 2012, Defendants claimed service over Plaintiffs using certified mail addressed to 46595 Registry Dr., Canton, Ohio, 48187.

24.   The address 46595 Registry Dr. Canton, Ohio, 48187, does not exist.

25.     Defendants in actuality sent the Complaint to Michigan, and Plaintiff Teresa Ann Harrigan, signed for both certified mailings (Exhibit E – Certified Mailing Receipt).

26.     Plaintiffs did not appear or otherwise attend the Stark County Ohio proceedings.

27.     On March 15, 2012 Defendants filed a Motion for Default Judgment and received a Default Judgment on March 19, 2012.

28.     On July 12, 2016 Defendants filed an Affidavit and Notice of Entry of Foreign Judgment Wayne County Circuit Court Case No. 16-007914-CZ. (Exhibit F – Affidavit of Foreign Judgment).

29.     Contrary to Mich. Comp. Laws Ann § 691.1174 and Mich. R. Court 2.107(C)(3) Defendants did not provide a certificate of mailing that the Judgment was mailed to Plaintiffs.  *See* (Exhibit G – Order on Foreign Judgment).

30.     On August 10, 2016, the Michigan state court issued 3 separate writs of garnishment.

31.     On or about August 19, 2016, Plaintiffs attempted to access their bank account only to find monies no longer in their bank account.  The lack of funds caused Plaintiffs stress and anxiety because the were unable to pay their bills in a timely manner.  In all Defendants garnished approximately $190, plus a $90 garnishment fee charged by Plaintiffs' bank.

32.    Upon investigation Plaintiffs learned that there was a garnishment pending on their bank account.

33.    On or about August 19, 2016, Plaintiffs retained John Evanchek, Esq. with regards to the garnishment, incurring actual costs.

34.    On or About August 24, 2016, Mr. Evanchek prepared a Motion to Quash the Judgment for lack of personal jurisdiction and forwarded the same to Defendants.

35.    On August 30, 2016, Defendants were sent a letter outlining that the Stark County Ohio lawsuit was not proper and informing Defendants that the mortgage had been discharged for, "full payment and satisfaction of the same" and offering to resolve the case upon stipulation to quash the order domesticating the foreign judgment and return of the garnished monies.

36.    On September 13, 2016, Plaintiff and Defendants stipulated to an Order Quashing the domesticated Judgment and returning all monies garnished (Exhibit H – Order to Quash).

37.    Almost immediately, Defendants, with full knowledge that the Stark County Ohio Judgment had not been set aside or otherwise rendered unenforceable, filed a new lawsuit in Michigan, this time in the name of RBS Citizens, N.A. (Exhibit I – Wayne County Circuit Court Case No. 16-012972-CK).

38.     The lawsuit sought collection of the exact same debt as was the subject of the Stark County Ohio case, but using a different Plaintiff.

39.     Defendants alleged a principal of $32,640.76 plus interest of $1,269.08

40.     Defendants failed to inform the Wayne County Circuit Court of the two prior actions involving the same parties, contrary to Mich. R. Court 2.113(C)(2)(b).  In fact Defendants stated the opposite that there are no other pending or resolved civil action arising out of the same transaction or occurrence at issue in this complaint, which Defendants knew to be false.

41.     Despite knowledge that John Evanchek, Esq. was Plaintiffs attorney, Defendants served Plaintiffs personally with the summons and complaint.  At no point was Mr. Evanchek notified of the newly filed lawsuit.

42.     On November 18, 2016 Defendants amended their complaint to allege that Plaintiffs had entered into a repayment agreement that modified the terms of the original second mortgage dated August 21, 2006 (Exhibit J – Amended Complaint).

43.     On November 18, 2016, Plaintiffs filed a Motion to Dismiss Defendants lawsuit on the basis of res judicata and satisfaction.

44.     On December 12, 2016 Defendants filed a response to Plaintiffs' Motion to Dismiss taking a position contrary to their prior position in Wayne

County Circuit Court Case No. 16-007914-CZ, that the Stark County Ohio

Judgment was void.  In doing so Defendants have admitted that they violated the

Act by attempting to collect on a Judgment that they knew was void.

45.    On December 15, 2016 Despite Plaintiffs Motion to Dismiss pending

and in violation of Mich. R. Court 2.108(c) Defendants sought and obtained a

Default against Plaintiffs.

46.    On or about January 3, 2017, Plaintiffs' counsel John Evanchek, Esq.

received the default via regular mail.  At no point was the default served on Mr.

Evanchek using the Wayne County E-filing system, which requires all documents

to be served electronically on counsel.

47.    On January 18, 2017, the parties stipulated to set aside the default.

48.    On February 2, 2017, Defendant Daniel E. Best was sanctioned for

failure to inform the Wayne County Circuit Court of the prior action in the Wayne

County Circuit Court and Stark County Ohio Court. (Exhibit K – Transfer Order).

## COUNT I - FDCPA

49.  Plaintiff incorporates paragraphs 1-47 above.

49.  15 U.S.C § 1692e, in pertinent part, provides:

> A debt collector may not use any false, deceptive, or misleading
> representation or means in connection with the collection of any
> debt. Without limiting the general application of the foregoing, the
> following conduct is a violation of this section:

> * * *

(2) The false representation of --

(A) the character, amount, or legal status of any debt. . . .

* * *

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .

* * *

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

50.    15 U.S.C § 1692c, in pertinent part, provides:

(a) Communication with the consumer generally without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
* * *
(2)  if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer[.]

51.    The MRCPA § 445.252, Prohibited acts, in pertinent part provides:

(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt.
(f) Misrepresenting in a communication with a debtor 1 or more of the following:
  (i) The legal status of a legal action being taken or threatened.
  (ii) The legal rights of the creditor or debtor.

* * *

(h) Communicating with a debtor, except through billing procedure when the debtor is actively represented by an attorney, the attorney's name and address are known, and the attorney has been contacted in writing by the credit grantor or the credit grantor's representative or agent, unless the attorney representing the debtor fails to answer written communication or fails to discuss the claim on its merits within 30 days after receipt of the written communication.

52.    Defendants' conduct related to Plaintiffs violated 15 U.S.C §§ 1692e(2)(A), e(5), e(10), 15 U.S.C. § 1692c(a)(2), MCL 445.252(e), (f)(i)-(ii), and (h).

**WHEREFORE,** Plaintiff requests this Honorable Court to enter judgment for Plaintiff and against Defendants for:

A.    Statutory and actual damages under the FDCPA and MRCPA, trebled under the MRCPA if a finding of willfulness is made; and

B.     Attorney's fees and costs.

Respectfully submitted,

s/ John Evanchek, Esq.
John Evanchek, Esq.

John Evanchek, Esq. (P66157)
KELLEY & EVANCHEK PC
43695 Michigan Ave.
Canton, MI 48188
(734) 397-4540 (TEL)
john@kelawpc.com

Curtis C. Warner (P59915)
WARNER LAW FIRM, LLC
350 S. Northwest HWY, Ste. 300
(847) 701-5290 (TEL)
cwarner@warner.legal

**JURY DEMAND**

Plaintiff demands a trial by jury.

Respectfully submitted,

s/ John Evanchek, Esq.
   John Evanchek, Esq.

John Evanchek, Esq. (P66157)
KELLEY & EVANCHEK PC
43695 Michigan Ave.
Canton, MI 48188
(734) 397-4540 (TEL)
john@kelawpc.com

Curtis C. Warner (P59915)
WARNER LAW FIRM, LLC
350 S. Northwest HWY, Ste. 300
(847) 701-5290 (TEL)
cwarner@warner.legal